Gary BLACKBOURN, and Estate of Tanya Blackbourn,
Plaintiffs-Appellants,

v.

SCHOOL DISTRICT OF ONALASKA and Wausau Insurance
Co., Defendants-Respondents.

Court of Appeals.

*No. 92-0298. Submitted on briefs July 14, 1992.—Decided
February 11, 1993.*

(Also reported in 497 N.W.2d 460.)

For the plaintiffs-appellants the cause was submitted on the brief of *James G. Birnbaum* and *Ross A. Seymour* of *Davis, Birnbaum, Marcou, Devanie & Colgan* of La Crosse.

For the defendants-respondents the cause was submitted on the brief of *Robert S. Schuch* of *Straub and Schuch* of Wausau.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.    Gary Blackbourn appeals from an order dismissing his claim against the Onalaska school district for failure to comply with the limitation period prescribed by sec. 893.80(1)(b), Stats.[1] The issue is whether the school district triggered the statute's six-month time limit for commencing suit by serving its notice of disallowance on Blackbourn more than 120 days after he presented the school district with his claim.

We conclude that the six-month statute of limitations does not apply to any claim which a governmental unit fails to disallow within 120 days of presentation. Therefore, we reverse and remand the cause to allow Blackbourn to proceed with his claim.

## BACKGROUND

Tanya Blackbourn, a student at Onalaska High School, committed suicide on May 23, 1990. On Septem-

---

[1] Section 893.80(1), Stats., provides in relevant part:

[N]o action may be brought or maintained against any . . . governmental subdivision or agency thereof . . . upon a claim or cause of action unless:

(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the . . . governmental subdivision or agency . . . and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk . . . for the defendant . . . subdivision or agency and the claim is disallowed. Failure of the appropriate body to disallow within 120 days after presentation is a disallowance. Notice of disallowance shall be served on the claimant by registered or certified mail . . . .. No action on a claim against any defendant . . . subdivision or agency . . . may be brought after 6 months from the date of service of the notice, and the notice shall contain a statement to that effect.

ber 20, 1990, her father, Gary Blackbourn, filed a notice of his claim with the school district which alleged the school district's negligence in connection with Tanya's death. The school district served its notice of disallowance on Blackbourn on February 15, 1991, or 148 days after Blackbourn presented his claim.

Blackbourn commenced an action on August 12, 1991, which was later dismissed for failure to serve the summons and complaint upon either the school district or its insurer within sixty days. *See* sec. 801.02(1), Stats. Blackbourn brought this action on November 11, 1991. The school district moved to dismiss on the basis that Blackbourn failed to file his complaint within six months of receiving the notice of disallowance, as required by sec. 893.80(1)(b), Stats. The trial court granted the motion, and Blackbourn appeals.

## STANDARD OF REVIEW

Resolution of the issue on appeal requires interpretation of sec. 893.80(1), Stats., the notice-of-claim statute. Statutory construction is a question of law which we review *de novo. State ex rel. Dieckhoff v. Severson,* 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988).

In construing a statute, our purpose is to determine the legislature's intent and give it effect. *Id.* We first examine the statute's language, and if it is unambiguous, it is our duty to give the language its ordinary meaning. *Id.* at 189-90, 426 N.W.2d at 73. Statutory language is ambiguous if reasonable people could disagree as to its meaning. *Id.* at 190, 426 N.W.2d at 73. If a statute is clear on its face, we will not look beyond its language in applying it. *Linstrom v. Christianson,* 161 Wis. 2d 635, 638, 469 N.W.2d 189, 190 (Ct. App. 1991).

In addition, we must avoid an interpretation which yields an unreasonable or absurd result. *Dieckhoff*, 145 Wis. 2d at 193, 426 N.W.2d at 75. Finally, in reviewing the requirements of sec. 893.80(1)(b), Stats., a construction which preserves a viable claim is preferable to one which cuts the claim off without a trial. *Smith v. Milwaukee County*, 149 Wis. 2d 934, 941-42, 440 N.W.2d 360, 363 (1989).

## DECISION

In *Linstrom*, we reviewed the six-month statute of limitations provision found in sec. 893.80(1)(b), Stats. We concluded that the statute was unambiguous, and we held that the six-month limit did not apply to actions commenced after a claim was deemed disallowed, i.e., after 120 days elapsed without service of a notice of disallowance. 161 Wis. 2d at 639, 469 N.W.2d at 190. However, *Linstrom* differs from the case before us because the governmental body, Polk county, never served Linstrom with a notice of disallowance.

Blackbourn argues that we should extend our holding in *Linstrom* to all claims which are deemed disallowed, whether or not the governmental unit formally serves a notice upon the claimant after disallowance occurs by operation of law. Blackbourn contends that such a rule avoids unreasonable results and does not conflict with the purpose of the notice-of-claim statute. We agree.

The interpretation of sec. 893.80(1)(b), Stats., advocated by the school district yields several unreasonable or absurd results. For example, every claim against a governmental unit could be disallowed twice—first by operation of law and then by formal notice. Such a possibility is contrary to common sense. We believe that once

a claim is disallowed by operation of law, any later action taken by the governmental unit to disallow should be considered superfluous. Once the statutory period of 120 days has run, the claimant for personal injuries or wrongful death may maintain an action within three years of the date of occurrence pursuant to sec. 893.54, Stats. A municipality may not revive the six-month period of limitation by giving a notice of disallowance.

Another extraordinary result is the degree to which the limitation period could vary among plaintiffs whose claims were deemed disallowed. For a claim like Blackbourn's, the period for commencing suit would range from slightly less than one year to three years after the death occurred, depending on if, and when, the governmental body decided to formally serve a notice of disallowance. We see little justification for such variation among similarly situated plaintiffs.

The parties and the trial court have suggested a variety of purposes underlying the notice-of-claim statute. However, the primary purpose acknowledged by the supreme court is to provide the governmental unit an opportunity to settle the claim without litigation. *See Figgs v. City of Milwaukee*, 121 Wis. 2d 44, 53, 357 N.W.2d 548, 553 (1984). The 120-day grace period granted to local governments by sec. 893.80(1)(b), Stats., is designed to accomplish this objective. On the other hand, permitting a governmental body to trigger the six-month limit by serving a notice after the 120 days have elapsed does little to further the objective.

The other purposes of the statute cited by the school district are: (1) avoiding prejudice to governmental units as a result of the late filing of claims; and (2) affording sufficient opportunity to investigate all incidents giving rise to tort claims. Again, we see little connection between these objectives and a governmental

501

body's ability to trigger the six-month limit after a deemed disallowance occurs. The first of these goals is achieved by the requirement in par. (a) of sec. 893.80(1), Stats., that a party provide written notice of the circumstances within 120 days of the event giving rise to the claim. The 120-day grace period in par. (b) of sec. 893.80(1) would accomplish the second goal. Moreover, if the par. (b) grace period proves insufficient for investigating and settling claims, the appropriate forum for relief is the legislature and not this court.

In making its ruling, the trial court expressed concern for municipalities being able to avoid stale claims and properly budget for their liabilities. While these are important interests, municipalities can protect them simply by serving their notices of disallowance within 120 days of receiving claims. We therefore conclude that the policy of preserving viable claims outweighs these interests, especially when other means for securing them are available.

Based on the foregoing discussion, we hold that once a claim against a governmental body has been deemed disallowed under sec. 893.80(1)(b), Stats., that paragraph's six-month limitation period will not apply to any action brought upon that claim. Accordingly, we reverse the trial court's order and remand the cause to permit Blackbourn to proceed on his claim.

*By the Court.*—Order reversed and cause remanded.