# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP140 |
| COMPLETE TITLE: | The Yacht Club at Sister Bay Condominium Association, Inc., Plaintiff-Appellant-Petitioner, v. Village of Sister Bay, Defendant-Respondent. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 378 Wis. 2d 742, 905 N.W.2d 844
(2017 – unpublished)

| | |
|---|---|
| OPINION FILED: | January 18, 2019 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | November 5, 2018 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Door |
| JUDGE: | D. T. Ehlers |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant-petitioner, there were briefs filed by *John B. Tuffnell*, and *Tuffnell Law, S.C.*, Milwaukee. There was an oral argument by *John B. Tuffnell*.

For the defendant-respondent, there was a brief filed by *Remzy D. Bitar*, *Luke A. Martell*, and *Municipal Law & Litigation Group, S.C.*, Waukesha. There was an oral argument by *Remzy D. Bitar*.

**2019 WI 4**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2017AP140
(L.C. No.  2016CV122)

STATE OF WISCONSIN        :        IN SUPREME COURT

The Yacht Club at Sister Bay Condominium
Association, Inc.,

     Plaintiff-Appellant-Petitioner,

  v.

Village of Sister Bay,

     Defendant-Respondent.

**FILED**

**JAN 18, 2019**

Sheila T. Reiff
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals.  *Affirmed in part, reversed in part, and cause remanded.*

¶1    ANN WALSH BRADLEY, J.    The petitioner, The Yacht Club at Sister Bay Condominium Association, seeks review of an unpublished, per curiam decision of the court of appeals affirming the circuit court's order that dismissed its complaint against the Village of Sister Bay.[1]  The complaint alleged that

---

[1] Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Village of Sister Bay, No. 2017AP140, unpublished slip op. (Wis. Ct. App. Oct. 24, 2017) (per curiam) (affirming in part and reversing in part an order of the circuit court for Door County, D.T. Ehlers, Judge).

some summer concerts held in a public park were a public and private nuisance.  Affirming the dismissal, the court of appeals concluded that the Yacht Club failed to provide the Village with a timely written notice of injury and that each concert held by the Village does not constitute a new "event" giving rise to a new opportunity to file a notice of injury.

¶2  Before this court, the Yacht Club asserts that the court of appeals erred in failing to view each concert as a new nuisance prompting a new notice of injury period.  Thus, in the Yacht Club's view, it should not be barred from bringing future nuisance actions against the Village simply because it failed to complain within 120 days as required by Wis. Stat. § 893.80(1d)(a) (2015-16)[2] about a noise nuisance from the first concert the Village held in 2014.

¶3  We conclude that each concert that is alleged to be a nuisance constitutes a separate event for purposes of filing a written notice of injury.  However, because the Yacht Club failed to serve its written notice of injury within 120 days after the date of the last concert alleged to be a nuisance, its written notice of injury was not timely filed.  Accordingly, we affirm in part and reverse in part the decision of the court of appeals and remand to the circuit court for further proceedings.

---

[2] All subsequent references to the Wisconsin Statutes are to the 2015-16 version unless otherwise indicated.

I

¶4  The facts set forth below are taken primarily from the Yacht Club's complaint.  Because we are reviewing the circuit court's determination of a motion to dismiss for failure to state a claim, we must assume that these facts are true.[3]

¶5  Some time in the summer or fall of 2013, the Village received a donation pledge from an anonymous donor.  The donor stipulated that the donation would be used to construct a performance pavilion in Waterfront Park, a public park in the Village.  Accepting the pledge, the Village began construction on the pavilion.

¶6  Construction of the pavilion was completed on or about August 1, 2014.  Upon completion, the Village immediately began to host public performances at the pavilion.  Such performances typically involved live music and often ran after official park hours, occasionally as late as midnight.

¶7  The Yacht Club is a condominium association that administers a condominium complex of the same name.  The complex lies within several hundred feet to the southwest of the performance pavilion.  Facing to the southwest, the performance pavilion's stage is designed to amplify and aim sound in that direction, straight at the Yacht Club condominiums.

¶8  According to the Yacht Club, the performances create very loud noise aimed directly at its condominiums.  It alleges

---

[3] MBS-Certified Pub. Accountants, LLC v. Wisconsin Bell, Inc., 2012 WI 15, ¶7, 338 Wis. 2d 647, 809 N.W.2d 857.

that the music "is loud enough to cause windows and personal property to shake and shudder from the intensity of the volume produced by these performances." Further, it claims that the sound "is continuous and penetrates even closed doors and windows." Such noise often keeps the Yacht Club's "residents awake far past normal park operations."

¶9 Alleging that the pavilion concerts substantially interfere with the quiet enjoyment of its residents' property, the Yacht Club served the Village with a written notice of injury pursuant to Wis. Stat. § 893.80(1d) on March 7, 2016.[4]

---

[4] Wisconsin Stat. § 893.80(1d) provides:

(1d) Except as provided in subs. (1g), (1m), (1p) and (8), no action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employee of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the

(continued)

4

The notice of injury maintained that "[t]he noise pollution generated by the users and the performers of the performance pavilion is a private nuisance that directly interferes with the Association's use and enjoyment of its property." It further stated that "[t]he last use of the pavilion occurred on or about September 1, 2015."

¶10 After the Village did not respond to its notice of injury, the Yacht Club filed suit against the Village. It alleged causes of action for both private and public nuisance. The Yacht Club sought damages for loss of property value, substantial annoyance and invasion of its property rights, as well as injunctive relief abating future nuisance-causing activities.

¶11 Moving to dismiss the Yacht Club's complaint for failure to state a claim upon which relief may be granted, the Village argued that the Yacht Club neglected to comply with the notice of injury and notice of claim provisions of Wis. Stat. § 893.80(1d). First, the Village contended that the Yacht Club failed to serve the Village with a notice of injury within 120

defendant officer, official, agent or employee; and

(b) A claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed.

5

days of the happening of the event giving rise to its claim as is required by Wis. Stat. § 893.80(1d)(a). Second, it asserted that the Yacht Club never filed an itemized statement of relief sought as required by Wis. Stat. § 893.80(1d)(b).

¶12 The circuit court granted the Village's motion to dismiss. Relying on E-Z Roll Off, LLC v. County of Oneida, 2011 WI 71, 335 Wis. 2d 720, 800 N.W.2d 421, it concluded that the notice of injury was served on the Village "almost 19 months after the happening of the event giving rise to the claim . . . It's not within 120 days, and it's too late under 893.80." In the circuit court's view, the pavilion:

> was constructed in August of 2014, concerts began almost immediately, and the residents of the plaintiff condominium association immediately started noticing problems and with noise, with windows rattling, . . . . And to then wait 19 months after the happening of that event even though the concerts do continue, . . . it's violative of 893.80, namely, to wait that long to make your claim.

¶13 Additionally, the circuit court rejected the Yacht Club's argument that its claims could proceed even though it did not timely file a written notice of injury because the Village had actual notice of the claims at issue and was not prejudiced by the delay in providing written notice.[5] The circuit court

---

[5] See Wis. Stat. § 893.80(1d)(a) ("Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employee . . . .").

6

determined that the Yacht Club did not meet its burden to set forth facts showing there was no prejudice to the Village.

¶14 After the Yacht Club appealed, the court of appeals affirmed in part and reversed in part. It affirmed the circuit court's determination that the Yacht Club's written notice of injury was not timely filed. Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Village of Sister Bay, No. 2017AP140, unpublished slip op., ¶¶19, 25 (Wis. Ct. App. Oct. 24, 2017) (per curiam). The court of appeals determined first that "[t]he Association's notice of injury was not served until March 7, 2016, and was therefore untimely, even with respect to the September 1, 2015 concert." Id., ¶19. Further, it determined that E-Z Roll Off "forecloses the Association's argument that each nuisance-causing use of the pavilion constitutes a new 'event' for purposes of Wis. Stat. § 893.80(1d)(a)." Id., ¶20.

¶15 However, the court of appeals reversed the circuit court's conclusion regarding actual notice and prejudice, determining that the circuit court improperly placed on the Yacht Club the burden to produce evidence regarding lack of prejudice at the motion to dismiss stage. Id., ¶30. Neither party petitioned for review of the court of appeals' decision on actual notice and prejudice. Accordingly, we do not further

7

address the issue.[6] Remaining for our consideration is the Yacht Club's petition for review regarding the timeliness of its notice of injury.

II

¶16 In our review, we consider whether the Yacht Club's written notice of injury was timely filed. We begin by examining the language of Wis. Stat. § 893.80(1d), the notice of claim statute, applying the common law of nuisance to the statute's plain language. Next we examine this court's decision in E-Z Roll Off, 335 Wis. 2d 720, and the Village's assertion that the purpose of the notice of claim statute precludes the Yacht Club's argument here as it did the plaintiff's argument in

---

[6] See Novell v. Migliaccio, 2008 WI 44, ¶65, 309 Wis. 2d 132, 749 N.W.2d 544 (a party that fails to file a petition for cross-review does not preserve those issues for supreme court review); Priesler v. General Cas. Ins. Co., 2014 WI 135, ¶59, 360 Wis. 2d 129, 857 N.W.2d 136 (explaining that this court regularly "decline[s] to consider issues not raised in petitions for review").

The court of appeals also addressed the Village's alternative argument that the Yacht Club's claims were properly dismissed because the Yacht Club failed to file an itemized statement of the relief sought in accordance with Wis. Stat. § 893.80(1d)(b). See Yacht Club at Sister Bay Condo. Ass'n, Inc., No. 2017AP140, unpublished slip op., ¶31. The court of appeals concluded that "[t]he Village cites no authority for the proposition that the Association was required to affirmatively allege compliance with § 893.80(1d)(b) in its complaint. Under these circumstances, we cannot conclude dismissal of the Association's complaint was warranted based on the Association's alleged failure to file an itemized statement of relief." Id., ¶34. Neither party petitioned for review of this determination and we do not address the issue further.

E-Z Roll Off. Finally, we apply the plain language of Wis. Stat. § 893.80(1d)(a) to the notice of injury that was served on the Village in this action.

¶17 This review requires us to interpret the notice of injury provision set forth in the notice of claim statute. Statutory interpretation presents a question of law we review independently of the determinations rendered by the circuit court and court of appeals. Horizon Bank, Nat'l Ass'n v. Marshalls Point Retreat LLC, 2018 WI 19, ¶28, 380 Wis. 2d 60, 908 N.W.2d 797 (citation omitted).

¶18 The application of the statute and the law of nuisance to the facts of this case similarly presents a question of law this court reviews independently, without deference to the circuit court or court of appeals. MercyCare Ins. Co. v. Wisconsin Comm'r of Ins., 2010 WI 87, ¶26, 328 Wis. 2d 110, 786 N.W.2d 785; see Milwaukee Metro. Sewerage Dist. v. City of Milwaukee, 2005 WI 8, ¶16, 277 Wis. 2d 635, 691 N.W.2d 658.

III

A

¶19 Wisconsin Stat. § 893.80(1d), the notice of claim statute, contains two notice provisions that serve different purposes. Thorp v. Town of Lebanon, 2000 WI 60, ¶22, 235 Wis. 2d 610, 612 N.W.2d 59; Griffin v. Milwaukee Transport Servs., Inc., 2001 WI App 125, ¶15, 246 Wis. 2d 433, 630 N.W.2d 536. When referring to the statute as a whole, we refer to it as the "notice of claim statute" in accordance with past case law. See, e.g., E-Z Roll Off, 335 Wis. 2d 720, ¶46.

¶20 Subsection (1d)(a) is the "notice of injury" provision, which allows governmental entities to investigate and evaluate potential claims. Griffin, 246 Wis. 2d 433, ¶15. Subsection (1d)(b) is the "notice of claim" provision, which affords a municipality the opportunity to compromise and settle a claim, thereby avoiding costly and time-consuming litigation. Id.; City of Racine v. Waste Facility Siting Bd., 216 Wis. 2d 616, 622, 575 N.W.2d 712 (1998).

¶21 Our inquiry here focuses on the notice of injury provision, sub. (1d)(a), and its requirement that "written notice of the circumstances of the claim" be served on the governmental subdivision "[w]ithin 120 days after the happening of the event giving rise to the claim . . . ." Wis. Stat. § 893.80(1d)(a). Section 893.80(1d)(a) provides that "no action may be brought or maintained against any . . . governmental subdivision" unless a claimant files with the governmental subdivision a notice of injury:

> (a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employee under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision

10

or agency or to the defendant officer, official, agent or employee . . . .[7]

We must interpret § 893.80(1d)(a) to determine what constitutes "the happening of the event giving rise to the claim" in this nuisance action.

¶22  Statutory interpretation begins with the language of the statute.  State ex rel. Kalal v. Circuit Court for Dane Cty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  If the meaning of the statute is plain, we need not further the inquiry.  Id.

¶23  The Yacht Club contends that each individual concert is a separate "event" giving rise to a separate claim. Conversely, the Village asserts in its brief that the "circuit court and court of appeals both correctly determined that the notice window began to run in August of 2014, when the pavilion was completed, and the performances began, and did not reset every time there was a performance held."

¶24  To resolve this dispute, we turn to the common law of nuisance and its operation in this case.  "It is well settled that every continuance of a nuisance is, in law, a new nuisance."  Kull v. Sears, Roebuck & Co., 49 Wis. 2d 1, 9, 181

_____

[7] Wisconsin Stat. § 893.80(1d)(b), the notice of claim provision, also restricts lawsuits against governmental entities unless the potential claimant files:  "[a] claim containing the address of the claimant and an itemized statement of the relief sought is presented to the appropriate clerk or person who performs the duties of a clerk or secretary for the defendant fire company, corporation, subdivision or agency and the claim is disallowed."  Wis. Stat. § 893.80(1d)(b).

N.W.2d 393 (1970) (citing Ramsdale v. Foote, 55 Wis. 557, 562, 13 N.W. 557 (1882)); Brown v. Milwaukee Terminal Ry. Co., 199 Wis. 575, 590, 227 N.W. 385 (1929)). This rule has been consistently applied throughout our jurisprudence:

> There can be no doubt, under the authorities ancient and modern, that an action lies against him who erects, and against him who continues a nuisance erected by another. The continuance and every use of that which is, in its erection and use, a nuisance, is a new nuisance, for which the party injured has a remedy for his damages.

Kull; 49 Wis. 2d at 9 (citing Cobb v. Smith, 38 Wis. 21, 33 (1875)).

¶25 Applied to the facts here, this precedent establishes that each use of the performance pavilion that constitutes a nuisance, is a new nuisance for which an injured party has a remedy for any damages incurred. Some concerts may be nuisances and some may not.

¶26 A hypothetical scenario illustrates this point. If the first concert held by the Village in the newly built performance pavilion were an unamplified performance by a string quartet that concluded by 8:00 p.m., it seems unlikely that such a display would offend the Yacht Club or those similarly situated so as to occasion the filing of a notice of injury within 120 days of the event. However, if after the 120 day claim period for the first concert had expired the Village then held a heavy metal concert lasting until midnight, under the Village's argument the Yacht Club would forever lose the ability to sue to abate any nuisance caused by the heavy metal concert.

¶27 Thus, for purposes of the notice of claim statute, we conclude that each individual concert that is alleged to be a nuisance constitutes a new "event" giving rise to a new 120-day notice of injury period.

B

¶28 We examine next the Village's assertion that this court's decision in E-Z Roll Off, 335 Wis. 2d 720, requires a determination in its favor. The Village contends that the purpose of the notice of claim statute precludes the Yacht Club's argument here as it did the plaintiff's argument in E-Z Roll Off.

¶29 In E-Z Roll Off, the plaintiff company was engaged in the business of solid waste hauling. Id., ¶4. Oneida County executed a contract with another waste hauling company, Waste Management, whereby Waste Management would pay a $5.25 per ton "tipping fee" for municipal solid waste it delivered to the county solid waste facility. Id., ¶5. All other haulers, including E-Z Roll Off, paid a lot more——a $54.00 per ton tipping fee. Id. E-Z Roll Off eventually served the County with a notice of injury and subsequently filed suit, claiming violations of Wisconsin antitrust law. Id., ¶11.

¶30 The circuit court granted summary judgment to the County, dismissing E-Z Roll Off's complaint for failure to timely comply with the statutory notice of claim requirements. Id., ¶12. On appeal, E-Z Roll Off argued that for purposes of the notice of claim statute, there was a new injury and

therefore a new claim on each occasion it paid the higher $54.00 per ton tipping fee.  Id., ¶44.

¶31 This court rejected E-Z Roll Off's argument.  The reasons for its determination were twofold.  First, E-Z Roll Off "fail[ed] to cite any authority applying the continuing violations doctrine to the notice of claim statute under Wisconsin law."  Id., ¶46.

¶32 Second, the court determined that E-Z Roll Off's interpretation of the notice of claim statute is inconsistent with the statute's purpose.  Id.  Specifically, a purpose of the notice of claim statute "is to afford governmental entities the opportunity to compromise and budget for potential settlement or litigation."  Id. (citing Thorp, 235 Wis. 2d 610, ¶¶23, 28).  The court concluded that accepting E-Z Roll Off's argument would undermine this purpose.  "If the continuing violations doctrine were to apply, it would be much more difficult for governmental entities to budget for potential litigation."  E-Z Roll Off, 335 Wis. 2d 720, ¶46.

¶33 Such a result would create limitless exposure for governmental entities.  "The legislature did not intend for governmental entities to be exposed to indefinite periods of liability for potential violations of Wis. Stat. § 133.18.  Such a result would be unreasonable given the purposes of the notice of claim requirements found in § 893.80."  Id.

¶34 The court of appeals here determined that E-Z Roll Off controls the outcome.  In the court of appeals' view, the concerns that drove the decision in E-Z Roll Off "are as

14

significant in a case involving nuisance claims——where, as the Association argues, each continued nuisance is a new nuisance—— as they are in a case involving alleged antitrust violations." Yacht Club at Sister Bay Condo. Ass'n, Inc., No. 2017AP140, unpublished slip op., ¶25. Specifically, the court of appeals reasoned that the policy behind the notice of claim statute—— affording governmental entities the opportunity to compromise and budget for potential settlement or litigation and shielding them from "indefinite periods of liability"——are as germane and dispositive in this case as they were in E-Z Roll Off. Id.

¶35 We disagree with the court of appeals that this purpose mandates the same conclusion in this case as in E-Z Roll Off. First, the court in E-Z Roll Off explicitly limited its holding to the anti-trust context when it wrote, "[t]he legislature did not intend for governmental entities to be exposed to indefinite periods of liability for potential violations of § 133.18." E-Z Roll Off, 335 Wis. 2d 270, ¶46 (emphasis added).

¶36 Second, acceptance of the Yacht Club's argument here does not create the same limitless liability that E-Z Roll Off's argument would have in the context of that case. In E-Z Roll Off, the plaintiff's assertion was that each and every payment of the tipping fee constituted a new "event" triggering a new notice of claim period. Here, in contrast, there is no assertion that each and every concert is a nuisance. The Yacht Club seeks redress only for those concerts that it alleges to be nuisances. Each concert is a unique event that is different

15

from previous concerts with respect to noise levels and length of time. Some concerts may be nuisances and some may not.

¶37 The notice of claim statute seeks to provide governmental entities with sufficient information to allow them to budget accordingly for either a settlement or litigation. State Dep't of Nat. Res. v. City of Waukesha, 184 Wis. 2d 178, 198, 515 N.W.2d 888 (1994) abrogated on other grounds by State ex rel. Auchinleck v. Town of LaGrange, 200 Wis. 2d 585, 597, 547 N.W.2d 587 (1996); Van v. Town of Manitowoc Rapids, 150 Wis. 2d 929, 933, 442 N.W.2d 557 (Ct. App. 1989)). This purpose is not compromised by our determination here. A governmental entity is given enough information to budget for settlement or litigation resulting from any concert that is alleged to be a nuisance.

¶38 Allowing the Yacht Club to serve a written notice of injury and bring suit for a future concert that is alleged to be a noise nuisance therefore does not contravene the purpose of the notice of claim statute. A municipality is not subject to "limitless" liability. It faces potential liability for each discrete concert for a discrete 120 day period. We thus conclude that E-Z Roll Off does not apply to this nuisance action.

C

¶39 Finally, we apply the plain language of Wis. Stat. § 893.80(1d)(a) to the written notice of injury filed in this action. The written notice of injury the Yacht Club served on the Village states: "[t]he last use of the pavilion occurred on

16

or about September 1, 2015." Wisconsin Stat. § 893.80(1d)(a) requires that written notice of injury be served on the municipality "[w]ithin 120 days after the happening of the event giving rise to the claim . . . ." In this case, that means that the Yacht Club needed to serve the Village with its written notice of injury by December 30, 2015.

¶40 The Yacht Club did not serve its written notice of injury until March 7, 2016, well after the 120 day deadline. Therefore, the written notice of injury was untimely with respect to the September 1, 2015 concert. Accordingly, we affirm the court of appeals' determination that the written notice of injury was not timely filed on this basis. See Yacht Club at Sister Bay Condo. Ass'n, Inc., No. 2017AP140, unpublished slip op., ¶19.

¶41 Finally, as stated above, we do not opine on the court of appeals' determination that the circuit court erred by requiring the Yacht Club to present evidence regarding lack of prejudice at the motion to dismiss stage. See supra, ¶15. We therefore do not upset the court of appeals' direction to remand the cause to the circuit court for consideration of whether the Village had actual notice of the Yacht Club's claim and was not prejudiced by the late filing of the notice of injury.

¶42 In sum, we conclude that each concert that is alleged to be a nuisance constitutes a separate event for purposes of filing a written notice of injury. However, because the Yacht Club failed to serve its notice of injury within 120 days after

17

the date of the last concert alleged to be a nuisance, its written notice of injury was not timely filed.

¶43 Accordingly, we affirm in part and reverse in part the decision of the court of appeals and remand the cause to the circuit court to consider whether the Village had actual notice of the Yacht Club's claim and was not prejudiced by the late filing of the notice of injury.

*By the Court.*—The decision of the court of appeals is affirmed in part, reversed in part, and the cause remanded to the circuit court.