COURT OF APPEALS
DECISION
DATED AND FILED

June 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1251**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV1975

IN COURT OF APPEALS
DISTRICT I

ASAP CRUISES, INC.,

    PETITIONER-RESPONDENT-CROSS-APPELLANT,

    V.

WISCONSIN DEPARTMENT OF REVENUE,

    RESPONDENT-APPELLANT-CROSS-RESPONDENT.

APPEAL and CROSS-APPEAL from an order of the circuit court for Dane County:  STEPHEN E. EHLKE, Judge.  *Reversed and cause remanded with directions*.

Before Donald, P.J., Geenen, and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The Wisconsin Department of Revenue (DOR) appeals and ASAP Cruises, Inc. (ASAP) cross-appeals from an order of the circuit court remanding a decision of the Tax Appeals Commission (Commission) in which the Commission found ASAP subject to Wisconsin's corporate income and franchise tax, *see* WIS. STAT. § 71.23 (2023-24).[1] On appeal, the parties argue about whether the Commission properly considered an affidavit submitted by ASAP's co-owner and vice president, and they further argue about whether ASAP is exempt from the corporate income and franchise tax as a result of the operation of Public Law 86-272, *see* 15 U.S.C. § 381(a).

¶2 For the reasons set forth below, we conclude that, even considering the affidavit submitted by ASAP's co-owner and vice president, the Commission was ultimately correct in finding that ASAP falls outside the protection of Public Law 86-272 and, therefore, is subject to Wisconsin's corporate income and franchise tax. Thus, we reverse the circuit court's order remanding this matter to the Commission for consideration of the affidavit of ASAP's co-owner and vice president, and we remand with directions to enter an order consistent with this opinion.

## BACKGROUND

¶3 The following is taken from a set of facts to which the parties stipulated: ASAP is a Florida corporation with its headquarters and principal place of business in Jacksonville, Florida.[2] During the relevant time period (January 1,

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Records from the State of Florida indicate that ASAP is licensed as a full-service travel agent, doing business as Cruises & Tours Unlimited and Outsideagents.com.

2012, to December 31, 2017), ASAP had at least 100 "Independent Travel Consultant Agreements" with travel agents in Wisconsin.[3] ASAP prepared the agreements and made them available to travel agents across the United States through its website, outsideagents.com. To enter into the agreement with ASAP, travel agents downloaded and completed the agreements and then returned them to ASAP in Florida for approval. Once approved by ASAP, the travel agents gained access to ASAP's website for selling cruises, tours, and vacation packages. As the agreements provided, travel agents "perform[ed] the following work: Sales of cruises, tours or vacation packages, including ancillary, related products, such as hotels, air arrangements, etc., as provided by vendors designated by [ASAP] (the 'Travel Services')." The agreements also required travel agents to identify themselves as outside agents of ASAP. On average, ASAP received 15% of all sales of travel services sold by the travel agents as income, and the travel agents received the remaining 85% of the sale as commissions. ASAP paid the travel agents their commissions on a monthly basis. ASAP did not withhold any taxes, and instead, ASAP treated the travel agents as independent contractors and issued 1099 tax forms for travel agents to report their own income.

¶4 In December 2018, DOR issued estimated assessments against ASAP for January 1, 2012, to December 31, 2017. ASAP filed a petition for redetermination, and DOR denied ASAP's petition. ASAP petitioned the Commission for review, and both parties moved for summary judgment before the Commission.

---

[3] We note that the record contains a sample of six of the agreements that ASAP had with the travel agents.

¶5      ASAP argued that it was not subject to taxation in Wisconsin by operation of a federal law that shields business from state tax known as Public Law 86-272. In support of its argument and in addition to the stipulated facts noted above, ASAP submitted an affidavit from Chad Burt, ASAP's co-owner and vice president. In his affidavit, Burt averred that ASAP was "a multivendor aggregator" that provided travel agents with "one-stop access to third party travel vendors for purposes of booking travel packages." ASAP further allowed travel agents to "gain access to special pricing of certain travel packages and consumer benefits" that were "not generally available" and provided access to online business management and marketing tools and online technical support. ASAP recruited travel agents primarily using "email blasts" through an independent third-party service, but ASAP also marketed itself through "pay-by-click" advertising, online webinars, and speaking engagements. Burt states that, at no time, did ASAP specifically target marketing efforts at travel agents located in Wisconsin.

¶6      Burt averred that ASAP "signed up" travel agents through an "application process," and he described the process as follows. Travel agents accessed the application on ASAP's website and completed and returned the application to ASAP by fax or email. Once the application was received, ASAP reviewed the application, and if the application was accepted and approved, ASAP sent an email confirmation to the travel agent finalizing the agreement. For a monthly membership fee, travel agents then had access to ASAP's "online platform." For an additional fee, ASAP also offered Errors & Omissions Insurance to its travel agents. ASAP additionally provided "online business management tools" to help the travel agents "grow their businesses."

¶7 The Commission disagreed that Public Law 86-272 protected ASAP, and it found (1) ASAP sold travel services and (2) travel services are not tangible personal property within the meaning of the law. In regards to Burt's affidavit, the Commission stated that "none of the documentary evidence … supports this assertion" and Burt's affidavit was "utterly lacking in credibility." Rather, the Commission relied on the language of the agreements that ASAP had with the travel agents, and found that the agreements "referred to the sale of *travel services*" and "[n]one of the six [agreements] reference software, software licensing, or the sale of tangible personal property." The Commission further found that ASAP had a sufficient nexus with Wisconsin to tax ASAP because ASAP had "more than 100" agreements with travel agents located and doing business in Wisconsin.[4] *See* WIS. STAT. § 71.22(1r). Thus, the Commission found that ASAP was subject to taxation. *See* WIS. STAT. § 71.23.

¶8 ASAP petitioned the circuit court for review, and ASAP specifically alleged that the Commission improperly disregarded Burt's affidavit in granting summary judgment and also improperly found that ASAP was not eligible for protection from taxation under Public Law 86-272. The circuit court agreed with ASAP that the Commission failed to properly consider Burt's affidavit and remanded the case to the Commission for consideration of the affidavit. The circuit court did not make any findings as to whether Public Law 86-272 applied to protect ASAP from Wisconsin's corporate income and franchise tax.

---

[4] The parties do not develop an argument on appeal about the Commission's finding that ASAP had a sufficient nexus with Wisconsin. Consequently, we do not address this point further, and rather, we assume that ASAP has a sufficient nexus with Wisconsin for purposes of being subject to taxation in the state.

5

¶9 DOR appeals, and ASAP cross-appeals.

## DISCUSSION

¶10 On appeal, the parties dispute whether the circuit court properly reversed the Commission's grant of summary judgment and remanded this matter for consideration of Burt's affidavit. They additionally dispute whether ASAP is subject to Wisconsin's corporate income and franchise tax as a result of Public Law 86-272. We conclude that, even considering Burt's affidavit, ASAP is subject to Wisconsin's corporate income and franchise tax. As explained further below, we conclude that ASAP sells travel services and the plain language of Public Law 86-272 applies only to tangible personal property, thereby excluding ASAP from Public Law 86-272's protection from Wisconsin's corporate income and franchise tax.

¶11 "When an appeal is taken from a circuit court order reviewing an agency decision, we review the decision of the agency, not the circuit court." *Lake Beulah Mgmt. Dist. v. DNR*, 2011 WI 54, ¶25, 335 Wis. 2d 47, 799 N.W.2d 73 (citation omitted). We "shall not substitute [our] judgment for that of the agency as to the weight of the evidence on any disputed finding of fact." WIS. STAT. § 227.57(6). "[D]ue weight shall be accorded the experience, technical competence, and specialized knowledge of the agency involved." Sec. 227.57(10). However, we "shall accord no deference to the agency's interpretation of law." Sec. 227.57(11).

¶12 In this case, we review the Commission's grant of summary judgment in favor of DOR and finding ASAP subject to the corporate income and franchise tax. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). We review a decision granting summary judgment independently. *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶21, 241 Wis. 2d 804, 623 N.W.2d 751.

¶13 Additionally, in reviewing the Commission's grant of summary judgment in favor of DOR, we must also interpret Public Law 86-272 to determine whether it protects ASAP from Wisconsin's corporate income and franchise tax. "The interpretation of a statute is a question of law that we review de novo." *E-Z Roll Off, LLC v. County of Oneida*, 2011 WI 71, ¶16, 335 Wis. 2d 720, 800 N.W.2d 421. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). We give statutory language "its common, ordinary, and accepted meaning." *Id.*

¶14 The main dispute on appeal focuses on whether a federal law, Public Law 86-272, protects ASAP from Wisconsin's corporate income and franchise tax. Public Law 86-272 states in relevant part:

> No [s]tate, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such [s]tate by any person from interstate commerce if the only business activities within such [s]tate by or on behalf of such person during such taxable year are either, or both, of the following:
>
> (1) the solicitation of orders by such person, or his [or her] representative, in such [s]tate for sales of tangible personal property, which orders are sent outside the [s]tate for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the [s]tate[.]

¶15 DOR argues that Public Law 86-272 does not apply to ASAP because ASAP does not engage in "sales of tangible personal property" within the meaning of Public Law 86-272. DOR contends that, under any interpretation of the facts, ASAP sells a service, whether it is travel services or software as a service (SaaS),[5] and therefore, DOR argues ASAP does not qualify for the protection of Public Law 86-272 because Public Law 86-272 applies only to tangible personal property.

¶16 On the other hand, ASAP argues that Public Law 86-272 is not limited to sellers of tangible personal property and instead provides a "lower limit" where any activities falling below the limit set by Public Law 86-272 are not subject to state taxation. ASAP argues that, should we determine that it sells travel services, its business activities fall below the limit set by Public Law 86-272, thereby qualifying ASAP for protection from state taxation. Alternatively, ASAP argues that it sells SaaS, and SaaS qualifies as tangible personal property within the meaning of Public Law 86-272.

¶17 We agree with DOR. To begin, the plain language of Public Law 86-272 states that it applies in cases of "the solicitation of orders by such person, or his [or her] representative, in such [s]tate for sales of tangible personal property." We will not extend the protection of Public Law 86-272 to activities other than the solicitation of sales of tangible personal property as expressly and clearly provided in the law itself.

---

[5] SaaS is "a software distribution model in which a cloud provider hosts applications and makes them available to end users over the internet." https://www.techtarget.com/searchcloudcomputing/definition/Software-as-a-Service (last visited May 27, 2024).

¶18    In support of its position that Public Law 86-272 is not so limited, ASAP provides several cases in which it argues that the courts speak of Public Law 86-272 as setting a "lower limit" and that somehow this language creates a "line in the sand" where any activities less than the solicitation of sales of tangible personal property cannot be taxed and any activities more than the solicitation of sales of tangible personal property can be taxed.  *See, e.g.*, ***Stanislaus Food Prods. Co. v. Director, Div. of Tax'n***, No. 011050-2017, 2021 WL 1589319 (N.J. Tax Ct. Apr. 22, 2021); ***Blue Buffalo Co., Ltd. v. Comptroller of Treasury***, 221 A.3d 1130 (Md. Ct. Spec. App. 2019); ***Kimberly-Clark Corp. & Subsidiaries v. Commissioner of Revenue***, No. 8670-R, 2015 WL 3843986 (Minn. Tax Ct. June 19, 2015); ***Arizona Dep't of Revenue v. Central Newspapers, Inc.***, 218 P.3d 1083 (Ariz. Ct. App. 2009); ***National Private Truck Council, Inc. v. Commissioner of Revenue***, 688 N.E.2d 936 (Mass. 1997).

¶19    ASAP also cites to two cases from the Supreme Court of the United States as the origin of this proposition.  In the first, ***Heublein, Inc. v. South Carolina Tax Commission***, 409 U.S. 275, 280 (1972), the Court stated that Public Law 86-272 "was designed to define clearly a lower limit for the exercise of that power. … By establishing such a limit, Congress did, of course, implicitly determine that the State's interest in taxing business activities below that limit was weaker than the national interest in promoting an open economy."  In the second, ***DOR v. William Wrigley, Jr., Co.***, 505 U.S. 214, 223 (1992), the Court harkened back to ***Heublein*** and described that Public Law 86-272 was "'designed to define clearly a lower limit' for the exercise of state tax power."

¶20    While ASAP correctly identifies language in the case law describing Public Law 86-272 as setting a "lower limit," we fail to see how this language requires accepting ASAP's interpretation as creating a line in the sand where a set

of unspecified activities somehow considered less than the solicitation of sales of tangible personal property cannot be taxed and another set of unspecified activities rising above the solicitation of sales of tangible personal property are subject to taxation. Public Law 86-272 makes no mention of what activities fall below or rise above any line in the sand. Moreover, while the cases cited by ASAP use this "lower limit" language, none of them extend Public Law 86-272's application beyond tangible personal property.

¶21 Rather, we consider to be a more workable standard that the "lower limit" protected from state taxation is precisely the activity described by the plain language of Public Law 86-272. In other words, the solicitation of sales of tangible personal property is the "lower limit" activity that a State is prohibited from taxing, and it is only this activity that is protected from state tax by Public Law 86-272.[6] *See William Wrigley, Jr., Co.*, 505 U.S. at 216 (stating that Public Law 86-272 "prohibits a State from taxing the income of a corporation whose only business activities within the State consist of 'solicitation of orders' for tangible goods"); *see also Blue Buffalo Co., Ltd.*, 221 A.3d at 1133 ("Federal law provides immunity from state taxation to interstate corporations whose sole business in the taxing state is the solicitation of orders."). Thus, we conclude that Public Law 86-272 applies only to tangible personal property, and anything other than tangible personal property, e.g., intangible property and services, are not protected by Public Law 86-272.

---

[6] The parties discuss several legal articles and secondary sources offering interpretations of Public Law 86-272. *See, e.g.*, 1 Hellerstein, et al., State Taxation § 6.18 (3d ed. 2024) (stating that "[t]he statute is carefully circumscribed" and "limited" to "selling tangible personal property"). Ultimately, our analysis is guided by the text of Public Law 86-272, and we need look no further.

¶22    Having determined that Public Law 86-272 applies only to the solicitation of sales of tangible personal property, we must necessarily turn to the remaining question and determine whether ASAP is in the business of selling tangible personal property and, therefore, eligible for protection from state tax under Public Law 86-272. To answer this question, we turn to the agreements between ASAP and the travel agents, and we conclude, similar to the Commission, that the agreements clearly define that the travel agents are selling travel services, i.e., not tangible personal property, on ASAP's behalf. Therefore, ASAP is not protected by Public Law 86-272, and ASAP is subject to Wisconsin's corporate income and franchise tax.

¶23    As the Commission noted, the agreements that ASAP had with the travel agents in Wisconsin refer to the sale of travel services, including cruises, tour packages, hotels, and air arrangements, and the agreements further provide that the travel agents will represent themselves as ASAP's agents and sell these travel services on ASAP's behalf. Additionally, to access ASAP's services, ASAP required the travel agents to submit applications for ASAP's approval, and once the agreements were in place, ASAP paid commissions to the travel agents and issued 1099 forms to the travel agents to report their own income. There is no reference anywhere to SaaS or any indication that ASAP was only providing a software license to the travel agents. Rather, the agreements and relationship between ASAP and the travel agents establish that the travel agents were selling travel services on ASAP's behalf for a commission that the travel agents split with ASAP, much as a salesman for a company would.

¶24    ASAP argues that Burt's affidavit is evidence that ASAP provided SaaS to the travel agents. However, Burt's affidavit does nothing to negate the agreements that ASAP had with the travel agents in Wisconsin wherein it is

clearly stated that the travel agents are to sell travel services on ASAP's behalf. Thus, we conclude that, even considering Burt's affidavit, ASAP sells travel services.[7]

¶25    As noted above, Public Law 86-272 protects a business from state tax if the business is engaged in the sale of tangible personal property. Simply put, travel services are not tangible personal property, and therefore, ASAP, being engaged in the business of providing travel services through the travel agents, is not protected from state tax by way of Public Law 86-272.

## CONCLUSION

¶26    In sum, we conclude that the plain language of Public Law 86-272 applies only to the solicitation of sales of tangible personal property, and having determined that ASAP is not in the business of selling tangible personal property, ASAP is not protected from state tax by Public Law 86-272. Therefore, the Commission correctly found ASAP subject to Wisconsin's corporate income and franchise tax and properly granted summary judgment in favor of DOR. Accordingly, we reverse the order of the circuit court, and we remand with directions to enter an order consistent with this opinion. No costs awarded on the cross-appeal.

*By the Court.*—Order reversed and cause remanded with directions.

---

[7] Consequently, we further conclude that any improper consideration of Burt's affidavit by the Commission is harmless, and we do not address the issue further. *See* **State v. Blalock**, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989).

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.